**ZHANG HENGYU, Petitioner,**

v.

**Alberto R. GONZALES, Attorney General, Respondent.**

No. 06–72298.

United States Court of Appeals, Ninth Circuit.

Submitted June 5, 2007.*

Filed June 14, 2007.

Vaughan De Kirby, San Francisco, CA, for Petitioner.

CAC–District Counsel, Esq., Office of the District Counsel, Department of Homeland Security, Los Angeles, CA, Ronald E. LeFevre, Chief Counsel, Office of the District Counsel, Department of Homeland Security, Sarang Vijay Damle, Esq., San Francisco, CA, DOJ–U.S. Department of Justice, Civil Division/Appellate Staff, Washington, DC, for Respondent.

Before: LEAVY, RYMER, and T.G. NELSON, Circuit Judges.

MEMORANDUM **

Zhang Hengyu, a native and citizen of China, petitions for review of the order of the Board of Immigration Appeals sum-

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

marily affirming the Immigration Judge's ("IJ") denial of his application for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). We have jurisdiction under 8 U.S.C. § 1252.

"Where, as here, the BIA reviews *de novo* the IJ's decision, our review is limited to the decision of the BIA." *See Garcia–Quintero v. Gonzales,* 455 F.3d 1006, 1011 (9th Cir.2006). We review for substantial evidence, *Gu v. Gonzales,* 454 F.3d 1014, 1018 (9th Cir.2006), and we deny the petition.

Because the incidents that Hengyu described did not rise to the level of persecution and because several of the incidents were not on account of a protected ground, substantial evidence supports the BIA's finding that Hengyu did not suffer past persecution. *See Hoxha v. Ashcroft,* 319 F.3d 1179, 1182 (9th Cir.2003); *see also Sangha v. INS,* 103 F.3d 1482, 1488–91 (9th Cir.1997). In addition, substantial evidence supports the BIA's conclusion that Hengyu failed to establish a well-founded fear of future persecution because his fear of future persecution is speculative. *See Nagoulko v. INS,* 333 F.3d 1012, 1018 (9th Cir.2003).

Furthermore, because Hengyu failed to meet his burden for asylum, he necessarily did not satisfy the more stringent standard for withholding of removal. *See Alvarez–Santos v. INS,* 332 F.3d 1245, 1255 (9th Cir.2003).

Substantial evidence also supports the BIA's conclusion that Hengyu has not shown that it is more likely than not that he would be tortured if he returns to Chi-

---

\* This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

na. *See Zhang v. Ashcroft,* 388 F.3d 713, 721–22 (9th Cir.2004).

**PETITION FOR REVIEW DENIED.**